UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KATHLEEN ANNE DUDLEY, | ) | |
| | ) | |
| Debtor. | ) | Case No. 24-10034-j11 |
| | ) | |
| ILENE J. LASHINSKY, | ) | |
| UNITED STATES TRUSTEE, | ) | Adv. No. 24-01011-j |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States District Court |
| | ) | Case No. 24-cv-00949-DHU-KK |
| CHARLES EDWARD LINCOLN, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO ALEXANDER
G. FEDOROV AND MARCIE SALMON'S RULE 24 MOTION FOR LEAVE
TO INTERVENE AS A MATTER OF RIGHT TO FILE COUNTERCLAIMS AND
THIRD-PARTY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTION**

ILENE J. LASHINSKY, the United States Trustee for Region 20 ("**Plaintiff**"), submits

this response in opposition to *Alexander G. Fedorov and Marcie Salmon's Rule 24 Motion for*

*Leave to Intervene as a Matter of Right to File Counterclaim and Third-Party Complaint for*

*Declaratory Judgment and Injunction*, filed August 14, 2025 (Doc. 13) (the "**Motion**"), and states:

**I.   BACKGROUND**

1.   On September 20, 2024, defendant Charles E. Lincoln, III ("**Defendant**") filed

*Defendant's Motion to Withdraw the Reference Under 28 U.S.C. 157(d) and Rule 11 of the*

*Federal Rules of Bankruptcy Procedure* (the "**Motion to Withdraw the Reference**") in

Adversary Proceeding 24-01011-j (the "**Adversary Proceeding**") pending before the United

States Bankruptcy Court for the District of New Mexico (the "**Bankruptcy Court**") commencing

this case.

2.    On July 31, 2025, Magistrate Judge Khalsa issued *Magistrate Judge's Proposed Findings and Recommended Disposition* (Doc. 11) (the "**PFRD**") in this case.

3.    On August 14, 2025, Alexander G. Fedorov and Marcie Salmon (together, "**Movants**") filed the Motion, requesting:

a.    Leave of Bankruptcy Court to intervene in support of Defendant's motion for relief from a stay imposed in the Adversary Proceeding (Doc. 13, pp. 4-5, ¶ 13);

b.    Leave of this court to intervene to object to the PFRD (Doc. 13, p. 5, ¶ 14);

c.    Consolidation of the Adversary Proceeding with a different adversary proceeding in the Bankruptcy Court captioned *Disciplinary Board of the Supreme Court of the State of New Mexico v. Lincoln,* Adv. No. 24-1023-j (the "**Disciplinary Board Proceeding**") (Doc. 13, p. 21, ¶ 69);

d.    An extension of time to file a "Counterclaim and Third-Party Claim" and leave to intervene in United States District Court for the District of New Mexico Case No. 24-00962 (the "**Disciplinary Board Withdrawal of Reference Case**") (Doc. 13, p. 25, ¶ 87)

e.    An extension of time to object to the *Magistrate Judge's Proposed Findings and Recommended Disposition* entered by Judge Wormuth in the Disciplinary Board Withdrawal of Reference Case  (Doc. 13, p. 25, ¶ 88, p. 28, ¶ 97);

f.    Joinder in Defendant's unfiled Counterclaim and Third-Party Complaint against the Disciplinary Board of the Supreme Court of New Mexico (Doc. 13, p. 26, ¶ 89);

g.    Joinder with non-party Jerry O'Neill in seeking a declaratory judgment (Doc. 13, p. 26, ¶ 90);

h.    To appear as fact and/or expert witnesses in this matter, the Adversary Proceeding, the Disciplinary Board Proceeding, and the Disciplinary Board Withdrawal of Reference Case (Doc.

13, p. 27, ¶ 94);

    i.   Issuance of summons to all members of the Disciplinary Board of the Supreme Court of the State of New Mexico (Doc. 13, p. 28, ¶ 98);

    j.   A scheduling order, pre-trial discovery and a trial by jury on the constitutionality of defining the practice of law (Doc. 13, pp. 28-29, ¶¶ 99-100);

    k.   A series of rulings on the constitutionality of lawmaking regarding the practice of law (Doc. 13, pp. 29-30, ¶¶ 101-105); and

    l.   An injunction against the Disciplinary Board, and an order dissolving it (Doc. 13, pp. 30-31, ¶¶ 106-107).

    4.   On August 22, 2025, without objection by Movant or Defendant, the Bankruptcy Court entered an order staying the Adversary Proceeding pending resolution of the Motion to Withdraw the Reference (Doc. 90 in the Adversary Proceeding).

## II.  ARGUMENT

The Motion should be denied for many reasons. First, the Adversary Proceeding is before the Bankruptcy Court. The only matter before this Court is withdrawal of the Adversary Proceeding's reference to Bankruptcy Court. Second, Movants lack prudential standing because the rights they seek to assert are Defendant's, not their own. Third, Movants lack Article III standing. Fourth, Movants' request to intervene in this matter fails to meet the requirements of Federal Rule of Civil Procedure 24.

### A.  The Motion Is Addressed to the Wrong Court

All bankruptcy cases in this district, as well as matters arising in or related to a bankruptcy case, such as the Adversary Proceeding, are referred to Bankruptcy Court. *In the Matter of Referral of Bankruptcy Matters to the Bankruptcy Judges,* Misc. No. 84-0324 (Order, July 18, 1984). *See*

*also Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015). Once a case has been referred to Bankruptcy Court, authority to consider all issues other than withdrawal of the reference lies with the bankruptcy court unless and until the reference is withdrawn. *Centrix Fin. Liquidating Tr. et al v. Sutton (In re Centrix Fin., LLC)*, 2014 WL 1319107 at * 5 (D. Colo. Apr. 2, 2014) (citing *Kashani et al. v. Fulton (In re Kashani)*, 190 B.R. 875, 885 (B.A.P. 9th Cir. 1995)). *See also Snyder v. Biros (In re U Lock, Inc.)*, 2024 WL 4476492 at * 6-7 (W.D. Pa. Oct. 11, 2024); Fed. R. Bankr. P. 5011(c).

For similar reasons, this Court cannot grant Movants' request for an extension of time to respond to Judge Wormuth's *Proposed Findings and Recommended Disposition* in the Disciplinary Board Withdrawal of Reference Case, or take any other actions in that matter. That is a different case, with a different plaintiff.. *See, e.g., Latimore v. Denver Hous. Auth. (DHA) of City and Cnty. of Denver*, 2023 WL 2796674 at * 3 (D. Colo. Feb. 17, 2023) (citation omitted).

### B. Movants Lack Prudential Standing

As the Tenth Circuit has explained, as a matter of prudential standing, "a party may not 'rest its claims' on the rights of third parties where it cannot 'assert a valid right to relief of its own.'" *Hill v. Warsewa et al.*, 947 F.3d 1305, 1309-1310 (10th Cir. 2020) (quoting *Wilderness Soc'y v. Kane Cnty. Ut.*, 632 F.3d 1162, 1170 (10th Cir. 2011) (en banc)). "Prudential standing moves beyond injury in fact and addresses whether a plaintiff is asserting its own legal rights rather than resting on the rights or interests of third parties." *Id.* at 1310 (quoting same at 1174). Thus, "[a] party may suffer cognizable injury but still not possess a right to relief," and even if a party suffers an injury to its interest and has Article III standing, that party may lack prudential standing. *Id.* (citing same at 1170, 1174).

Here, Movants assert they have standing because they "plan a business partnership to

include [Defendant]" which "could be imperiled" if Plaintiff's claims are successful. Doc. 13, p. 22, ¶¶ 73-74. In other words, rather than asserting an injury in fact to themselves, Movants seek to defend Defendant's rights to protect some potential future partnership. Movants thus lack prudential standing.

### C. Movants Lack Article III Standing

Article III standing requires an injury which is "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "[M]ere conclusory statements[] do not suffice." *Ashcroft et al. v. Iqbal et al.*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). While Movants assert potential damage to a prospective business relationship with Defendant, they do not identify what that prospective business relationship is or state with specificity how it might be damaged. Doc. 13, p. 22, ¶¶ 73-74. Although Movants assert that the injunction sought by Plaintiff will make Defendant's "involvement and association impossible in the purposes of the partnership," Movants do not say why. Doc. 13, p. 11, ¶ 30. Likewise, although Movants allege that an injunction against Defendant might "possibly have collateral estoppel effect on them as well," (*Id.*) there is no explanation why that would be the case. Movant's standing allegations are therefore insufficient to establish Article III standing, even if they are assumed to be true, because they are conclusory, conjectural and hypothetical.

Further, "'threatened injury must be certainly impending to constitute injury in fact,' and '[a]llegations of possible future injury' are not sufficient." *Clapper et al. v. Amnesty Intern. USA et al.*, 568 U.S. 398, 400 (2013) (quoting *Whitmore v. Arkansas et al.*, 495 U.S. 149, 158 (1990)) (internal quotations omitted). Movants have not alleged more than a possible future injury.

Moreover, to the extent that Movants' plans came into effect after Plaintiff's suit was filed,

Movants' alleged injuries may be self-imposed. *Clapper,* 568 U.S. at 415 (a party "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending"). Movants have not alleged they planned to do business together before the date the Adversary Proceeding was filed, which is when standing would be determined. *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1161 (10th Cir. 2023) (citations omitted).

Movants also complain of a "chilling effect" on them directly. Doc. 13, p. 11, ¶ 30. The Supreme Court has held that ""[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present or objective harm or a threat of specific future harm.'" *Clapper,* 568 U.S. at 418 (quoting *Laird et al. v. Tatum*, 408 U.S. 1, 13-14 (1972)). "'The chilling effect, to amount to an injury, must arise from an objectively justified fear of real consequences, which can be satisfied by showing a credible threat of prosecution or other consequences following from the statute's enforcement.'" *Rio Grande Found.*, 57 F.4th at 1161 (quoting *D.L.S. v. Utah et al.*, 375 F.3d 971, 975 (10th Cir. 2004)) (citing *Initiative and Referendum Institute et al. v. Walker et al.*, 430 F.3d 1082, 1088 (10th Cir. 2006)). Movants have not alleged a credible threat of an action being filed against them under 11 U.S.C. § 110, a credible threat of any specific consequences to them, or even a connection to a specific bankruptcy case.

Finally, Movants allege that Plaintiff "seeks to suppress Lincoln's unique personal involvement with [Movants] in their 'assembly.'" Doc. 13, p. 11, ¶ 29. However, Plaintiff's complaint does not name the Movants and is not about Movants. In fact, there is no mention of Movants in Plaintiff's complaint. *See generally* Amended Complaint for Sanctions and Injunctive Relief Under 11 U.S.C. § 110, Doc. 60 in Adversary Proceeding. Nor would the injunctions Plaintiff requests place limitations on whom Defendant may associate with. *Id.*, Doc. 60, p. 16.

Rather, the injunctions Plaintiff requests would (1) require Defendant to comply with 11 U.S.C .

§ 110 and (2) prohibit Defendant from acting as a bankruptcy petition preparer. *Id.*

### D. Movants' Request Fails to Meet Rule 24 Requirements

Movants seek to intervene in this case as a matter of right. Doc. 13, p. 1. Even if this request

was not defective for the numerous reasons identified above, Movants still would not be entitled

to do so. Federal Rule of Civil Procedure 24 provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: …
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Movants do not meet any of these requirements.

#### i. *Intervention is Untimely*

Timeliness of a motion to intervene is determined "in light of all of the

circumstances…including the length of time since the applicant knew of his interest in the case,

prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual

circumstances." *Sanguine, Ltd. v. U.S. Dep't of Interior,* 736 F.2d 1416, 1418 (10th Cir. 1984)

(citations omitted). As discussed above, the only thing before the Court in this matter is the Motion

to Withdraw the Reference. Movants seek to join that motion. Doc. 13, p. 5. However, it was filed

11 months ago. Doc. 1, p. 2. It has been fully briefed and the PFRD was issued July 31, 2025. Doc.

11. Defendant's deadline to object to the PFRD is tomorrow, August 29, 2025. Doc. 15, p. 2. By

the time the Motion is fully briefed, the deadline for Defendant to object to the PFRD will have

passed. The Motion is therefore untimely.

In support of the Motion's timeliness, Movants argue that discovery has not yet begun and

there is a stay in place. Doc. 13, p. 6. While it is true that discovery has not begun in the Adversary

Proceeding and that there is a stay in the Adversary Proceeding, the Adversary Proceeding is a separate matter. Movants' analysis is inapposite.

  ii.  *Movants Lack an Interest in the Subject Property or Transaction*

The second element of intervention under Federal Rule of Civil Procedure 24(a)(2) is intervenor must claim "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). That interest must be "'direct, substantial, and legally protectable.'" *Utah Ass'n of Cntys. v. Clinton et al.*, 255 F.3d 1246 (10th Cir. 2001) (quoting *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, F.3d 837, 840 (10th Cir. 1996) (citing *Vermejo Park Corp. et al. v. Kaiser Coal Corp. et al. (In re Kaiser Steel Corp.)*, 998 F.2d 783, 791 (10th Cir. 1993)).

The subject of this action is withdrawal of the reference in the Adversary Proceeding to this Court. Movants are not parties to the Adversary Proceeding and do not clearly explain in the Motion what interest they have in whether the reference is withdrawn or not. Movants assert that they believe the reference should be withdrawn because only this court can decide whether the Adversary Proceeding is a "core" or "non-core" matter under 28 U.S.C. § 157(b). Doc. 13, p. 14, ¶ 43. Defendants cite no case or law supporting this theory. However, this Court will decide whether the Adversary Proceeding is or is not a core matter when it rules on the Motion to Withdraw the Reference, whether withdrawal of the reference is granted or denied. *See, e.g.*, PFRD, Doc. 11, p. 9.

Movants also claim that it is "beyond the scope of the bankruptcy court to decide" whether their rights would be impaired if they are not permitted to intervene, or whether Defendant can adequately represent the interests they seek to protect. Doc. 13, p. 11, ¶ 32. Movants do not explain why they believe that to be the case, and cite no law in support of their argument. Federal Rule of

Bankruptcy Procedure 7024 applies Federal Rule of Civil Procedure 24 controlling intervention to adversary proceedings. As a result, the elements of intervention in an adversary proceeding pending before the Bankruptcy Court are squarely within the scope of what a bankruptcy court can decide, and Movants' argument is meritless. Fed. R. Bankr. P. 7024. *See also* 28 U.S.C. § 157(b)(1). Movants do not have a direct, substantial and legally protectable interest in the Motion to Withdraw the Reference.

### iv.  No Impairment or Impediment to Movants' Ability to Protect Their Interests

Federal Rule of Civil Procedure 24(a)(2) also requires that Movants be "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Although Movants repeatedly allege that their interests will be impaired if the Adversary Proceeding is resolved without their intervention, Movants do not explain how a ruling on withdrawal of the reference without their intervention might impair their interests. *See, e.g.*, Doc. 13, p. 6, ¶ 16, p. 12, ¶ 34.

### v. Existing Parties Adequately Represent the Proposed Interests

Even if all other factors are met, intervention is only permitted under Federal Rule of Civil Procedure 24(a)(2) if no "existing parties adequately represent" the interest Movants seek to protect. Fed. R. Civ. P. 24(a)(2). What Movants seek to protect is their interest in doing business with Defendant in the future. Doc. 13, p. 22, ¶ 73. *See also* Adversary Proceeding, Doc. 81, p. 17 (Defendant's statement that he is "in privity of contract" with Movants). There is a "general presumption that 'representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties.'" *San Juan Cnty., Utah v. U.S. et al.*, 503 F.3d 1163, 1204 (10th Cir. 2007) (en banc) (abrogated on other grounds by *Hollingsworth v. Perry*, 570 U.S. 693 (2013)) (quoting *City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp. et al.*, 79 F.3d 1038,

1042 (10th Cir. 1996) (internal quotation omitted)). *See also N.M. Cattle Growers' Ass'n et al. v. U.S. Forest Serv*. et al., 2025 WL 327265 at * 37 (D. N.M. Jan. 29, 2025). Such is the case here.

Movants make two arguments against adequacy of representation. First, Movants argue that their interests are not adequately represented because Defendant is a disbarred attorney and therefore "has a target on both his heart and back." Doc. 13, p. 10, ¶ 25. In support of this argument, Movants cite to Plaintiff's recitation of Defendant's history. *Id. See also* Adversary Proceeding, Doc. 60, p. 3, ¶¶ 21-25.

Defendant's status is relevant to Plaintiff's claims in two respects. First, the definition of "bankruptcy petition preparer" excludes attorneys and employees under their direct supervision. 11 U.S.C. § 110(a)(1) (defining "bankruptcy petition preparer"); 11 U.S.C. § 101(4) (defining "attorney"). Second, Defendant's status as a disbarred attorney is relevant to whether the injunctions Plaintiff seeks to be imposed against Defendant should be granted. 11 U.S.C. § 110(j)(2)(A)(ii) (requiring finding that injunction "is appropriate to prevent the recurrence of such conduct"); 11 U.S.C. § 110(j)(2)(B) (requiring finding that an injunction prohibiting further violations of 11 U.S.C. § 110 would not be sufficient to deter Defendant from interfering with the proper administration of Title 11). Thus, rather than a matter of adequacy or inadequacy of the representation of Defendant's interests, Defendant's history is an underlying fact which will be relevant to the ultimate disposition of this case regardless of who is or is not allowed to intervene.

An intervenor may rebut the presumption of adequate representation "if the intervenor can show that its interest may differ from that of an existing party." *SWEPI, LP v. Mora Cnty., N.M. et al.*, 2014 WL 6983288 at * 33 (D.N.M. Dec. 5, 2014) (quoting *Utah Ass'n of Cntys.,* 255 F.3d at 1255). *See also Bottoms v. Dresser Indus., Inc. et al.*, 797 F.2d 869 (10th Cir. 1986) (denying intervention since business co-owners have identical interests). There has been no such showing.

Where, as here, an intervenor's presence "only has the potential to add to the length or complexity of the action," intervention is not appropriate. *Holman v. N.Y. Life Ins. Co.,* 2010 WL 4823204 at * 2 (D. Utah Nov. 12, 2010).

### III. CONCLUSION

The Motion should be denied. The only matter before this Court is the Motion to Withdraw the Reference. Movants' requests which pertain to the underlying Adversary Proceeding or the Disciplinary Board Withdrawal of Reference case must be heard in those separate proceedings. Movants also lack prudential standing to request the relief they seek in the Motion, because the rights they seek to defend are, or stem from, Defendant's rights, not their own. Movants also lack Article III standing. Although they claim to have an Article III injury, their standing allegations are either conclusory, conjectural, self-imposed, or a combination thereof. Plaintiff's complaint is solely about Defendant's conduct under 11 U.S.C. Section 110 in one specific bankruptcy case not about Movants.

Finally, Movants do not meet the requirements under Federal Rule of Civil Procedure 24 to intervene in the Motion to Withdraw the Reference. Intervention is not timely because the Motion to Withdraw the Reference is already fully briefed, and the deadline to object to the PFRD will have passed before the Court can rule on intervention. Movants have not identified a direct, substantial and legally protectable interest in the Motion to Withdraw the Reference, or explained how proceeding without them may impair their interests. Further, any such interests are adequately represented by Defendant, who shares the same objectives and counsel as Movants.

WHEREFORE, Plaintiff respectfully requests that this Court deny the Motion and grant Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

ILENE J. LASHINSKY
United States Trustee

/s/ *Daniel A. White*
Daniel A. White
Trial Attorney
Office of U. S. Trustee
P. O. Box 608
Albuquerque, NM 87103
(202) 702-3419
dan.white@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2025 in accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(2)(E), the foregoing was filed and served via the Court's CM/ECF system to those parties who are registered CM/ECF participants in this matter.

/s/ *Daniel A. White*
Daniel A. White
Trial Attorney