**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

In re:

KATHLEEN ANNE DUDLEY,

Debtor.

Case No. 24-10034-j11

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE,

Adv. No. 24-01011-j

Plaintiff,

v.

United States District Court Case No. 24-cv-00949-DHU-KK

CHARLES EDWARD LINCOLN, III,

Defendant.

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Charles Edward Lincoln III's *Motion to Extend & Renew Stay Entered August 22, 2025 by "Order Modifying the Court-Imposed Stay to Stay All Pending Matters in this Adversary Proceeding", with Motion to Certify Questions for Interlocutory Appeal and Motion to Order Early Mediation*. Doc. 24. Plaintiff filed her response in opposition. Doc. 25. After carefully considering the briefs, the law, and being fully advised of the premises, the Court concludes that the Motion will be **DENIED**. Three of Defendant's requests are not properly before this Court, and the remaining request will be denied for the reasons stated below.

Defendant's Motion asks for relief on four separate requests: (1) extend Defendant's deadline to move to certify the Order Denying Motion to Withdraw the Reference for immediate appeal, (2) "extend and renew" the Expanded Stay Order entered by the Bankruptcy Court in the

Adversary Proceeding, (3) order mediation of the Adversary Proceeding, and (4) set a deadline of November 15, 2025, for Defendant to file a complaint commencing a separate case. *See* Doc. 24.

**A. Several of Defendant's Requests are not Properly Before the Court.**

First, three of Defendant's requests cannot be addressed by this Court. Once a case has been referred to Bankruptcy Court, authority to consider all issues other than withdrawal of the reference lies with the bankruptcy court unless and until the reference is withdrawn. *See Centrix Fin. Liquidating Tr. et al v. Sutton (In re Centrix Fin., LLC)*, No. 09-cv-88-PAB-CBS,2014 WL 1319107 at * 5 (D. Colo. Apr. 2, 2014) (citing *Kashani et al. v. Fulton (In re Kashani)*, 190 B.R. 875, 885 (B.A.P. 9th Cir. 1995)); *Snyder v. Biros (In re U Lock, Inc.)*, No. 24-478, 2024 WL 4476492 at * 6-7 (W.D. Pa. Oct. 11, 2024); Fed. R. Bankr. P. 5011(c)). In this case, withdrawal of the reference was denied. Doc. 23.

As Plaintiff argues, all bankruptcy cases in this district, as well as all proceedings arising under the Bankruptcy Code or arising in or related to a bankruptcy case, such as the Adversary Proceeding, are referred to Bankruptcy Court. *In the Matter of Referral of Bankruptcy Matters to the Bankruptcy Judges,* Misc. No. 84-0324 (Order, July 18, 1984). *See also Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015). The Adversary Proceeding is before the Bankruptcy Court, not this Court. The Court agrees with Plaintiff that Defendant's requests for a stay and mediation of the Adversary Proceeding are directed to the wrong court. Similarly, Defendant's request for a deadline to commence a new case is not properly before this Court.

**B. Defendant's Request for Extension of Deadline to Move for Certification is Denied.**

As to Defendant's request for an extension of a deadline to move for certification, the Court denies this request. Plaintiff asserts that, "Orders denying withdrawal of the reference are interlocutory and not immediately appealable. *Byrnes v. Byrnes (In re Byrnes)*, No. 22-2049, 2022

WL 19693003 at * 2 (10th Cir. December 21, 2022).” Doc. 25 at 3. Plaintiff argues that Section 1292 of title 28 of the U.S. Code governing interlocutory decisions provides in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). A party can appeal within ten days if an order contains such statement. *Id.* In this case, the Order Denying Motion to Withdraw the Reference does not contain such a statement. Additionally, Defendant does not cite what statute, rule, or law under which he requests an extension of time to request “certification of questions for an interlocutory appeal.” Doc. 24 at 5. Based on this, the Court will deny Defendant’s request.

**CONCLUSION**

For the reasons explained here, it is therefore **ORDERED** that Defendant Charles Edward Lincoln III’s *Motion to Extend & Renew Stay Entered August 22, 2025 by “Order Modifying the Court-Imposed Stay to Stay All Pending Matters in this Adversary Proceeding”, with Motion to Certify Questions for Interlocutory Appeal and Motion to Order Early Mediation* (Doc. 24) is **DENIED**.

**IT IS SO ORDERED**.

DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE